**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| SHARON L. RUTLEDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-00938-TWP-MJD |
| | ) | |
| KILOLO KIJAKAZI Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON PLAINTIFF'S PETITION FOR ATTORNEY FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT**

This matter is before the Court on a Petition for Attorney Fees under the Equal Access to

Justice Act, 28 U.S.C. § 2412(d) ("EAJA") filed by the attorney for Plaintiff (Filing No. 19). On

April 3, 2020, Plaintiff Sharon L. Rutledge ("Rutledge") filed an application for Disability

Insurance Benefits (Filing No. 10-5). Her claim was denied initially, on reconsideration, and again

after a hearing by the Administrative Law Judge ("ALJ"). The Appeals Council affirmed the ALJ's

denial decision on review. Rutledge prevailed on judicial review when the Court reversed the

denial decision and remanded her case for further administrative proceedings. For the reasons

discussed below, Rutledge's Petition for Attorney Fees under the EAJA (Filing No. 19) is **granted,**

**in part**.

## I.    LEGAL STANDARD

The award of attorneys' fees for representation of disability claimants is governed by three

statutes – the EAJA, 42 U.S.C. § 406(a), and 42 U.S.C. § 406(b). Under the EAJA, a successful

litigant against the federal government is entitled to recover attorney fees if (1) they were a

"prevailing party;" (2) the government's position was not "substantially justified;" (3) no special

circumstances existed that would make an award unjust; and (4) the application was timely filed

with the district court.  28 U.S.C. § 2412(d)(1)(A); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  The attorney fees are awarded by the district court as part of a judgment in favor of the claim in a disability benefits appeal.  *See* 42 U.S.C. § 406(b)(1)(A) (noting "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" would be appropriate).

When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the EAJA, "such award offsets the allowable fee under § 406(b)." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1080 (E.D. Wis. 2007); *see also Astrue v. Ratliff*, 560 U.S. 586, 595-96 (2010); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  Even when an attorney's § 406(b) motion for fees is not opposed, the court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht*, 535 U.S. at 807.  The burden is on the claimant's counsel to show that the requested fees are reasonable. *See Caldwell v. Berryhill*, 2017 WL 2181142, at *1 (S.D. Ind. May 18, 2017).

Because an award under § 406 comes from a claimant's award and not from agency funds, the Commissioner does not have a financial stake in the resolution of the fee motion but "plays a part in the fee determination resembling that of a trustee for the claimant. . . ." *Gisbrecht*, 535 U.S. at 796. Fees awarded under the EAJA come from SSA funds, and not the claimant's award. *Id.*

## II.    DISCUSSION

Counsel moves for an award of attorneys' fees pursuant to the EAJA, 28 U.S.C. § 2412(d) (Filing No. 19).  Counsel asserts that she has satisfied all the elements required under EAJA: Rutledge was the prevailing party, the government's position was not substantially justified, no special circumstances exist that would make an award unjust, and her application was filed timely. Counsel requests an EAJA attorney fee award in the amount of $12,500.40.

The Commissioner does not dispute that Rutledge has satisfied all the elements required under EAJA. However, the Commissioner opposes Rutledge's request asserting (1) the number of hours requested is unreasonable, and (2) the Court should direct the commissioner to pay an EAJA award directly to Rutledge, rather than to Rutledge's counsel (Filing No. 21). The Court will address these issues in turn.

## A.      Reasonableness of Requested Hours

Only reasonably billed hours may be included in an award of attorney fees under the EAJA. *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). In exercising its discretion in determining whether requested hours have been reasonably billed, a court should take into account a number of factors, including the size and complexity of the case, the staffing particulars, and the quality of outcome for the party. *Id.* at 434–37. As well, "[c]ounsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434. The applicant for fees bears the burden of submitting evidence which adequately justifies the number of hours claimed. *Id.* at 433. Additionally, in determining the amount to be awarded, courts "must exclude hours that were not reasonably expended and may reduce the award accordingly." *Tchemkaou v. Mukasey*, 517 F.3d 506, 509 (7th Cir. 2008).

In this case, Rutledge's counsel has requested 54.8 billable attorney hours and 2.0 paralegal hours. Counsel argues that her fee of $$12,500.40.  is consistent with EAJA petitions granted in this District. *See Elise M.P. v. Kijakazi*, No. 2:22-cv-00261, 2023 WL 6317011, at *2 (S.D. Ind. Sept. 27, 2023); *Lisa H. v. Kijakazi*, No. 4:21-cv-00163, 2023 WL 4053495, at *3 (S.D. Ind. June 16, 2023). Counsel spent 32 hours preparing the opening brief and 16.1 hours preparing the reply brief (Filing No. 19-2). Counsel argues this time was reasonable given the transcript in this case was 1,250 pages long.

The Commissioner argues that not all 54.8 attorney hours were reasonably expended and an excessive amount of time was spent drafting the opening and reply briefs given the size of the record, the straightforward issues in this case, and the similarities of issues, authorities, and verbiage from other briefs filed by counsel (Filing No. 21 at 3 and 9). The Commissioner points out that it took two experienced attorneys several hours to draft an opening brief and counsel cannot explain how two attorneys reasonably expended time summarizing case facts. The Commissioner suggests an award of $7,494.95 for attorney fees and expenses, and no costs, in full satisfaction of all claims for attorney fees, expenses, and costs that may be payable to Plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Filing No. 21-5).

The Court is not persuaded by the Commissioner's contention that the hours billed were excessive or unreasonable. Nothing prohibits multiple attorneys from working together on a matter. *See Maske v. Comm'r of Soc. Sec.*, 2020 WL 6562343, at *6 (D. Ariz. Nov. 9, 2020) (finding "no fault with the fact that two attorneys collaborated on [a] case and recogniz[ing] that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process"). It is not abnormal for there to be two attorneys and a paralegal on Social Security Appeals cases.

Although the amount of hours counsel worked on the opening brief is high, it is not unreasonable and is akin to those in other cases in this circuit. *See Elise M.P.*, 2023 WL 6317011, at *2 (noting spending 34.4 hours on an opening brief and 15.4 hours on a reply brief is reasonable); *Stanley v. Berryhill*, No. 1:16-cv-01129, 2018 WL 3241293, at *2 (S.D. Ind. July 3, 2018) (holding 60 hours is appropriate for a record that was 570 pages long); *Monk v. Colvin*, No. 2:15-cv-233, 2016 WL 445659 at *2 (N.D. Ind. Aug. 23, 2016) (compiling cases awarding fees upward the 70-hour range).

The Commissioner also cites *Julie A.*, where the court supported a reduction of counsel's hours from 77.5 to 51.1 hours, to argue the hours should be reduced for vagueness. *See Julie A. v. Saul*, 1:19-cv-650, 2021 WL 1785041 (S.D. Ind. Oct. 31, 2019). But here, almost every entry that is for more than 1.0 hours is sufficiently detailed. The entries outline what materials were looked at and what writings were being drafted. For example, an entry made on October 5, 2022, for 4.1 hours states "Review Plaintiff's Brief, research and prepare additional facts and arguments for presentation, finalize Plaintiff's Brief, prepare correspondence to Client, prepare correspondence to administrative attorney" (Filing No. 19-2 at 2).

Counsel obtained a positive result for Rutledge through their research and crafting of briefs. The Commissioner has not demonstrated which time entries were unnecessary, or unreasonably spent. Counsel is therefore entitled to the requested fees based on the number of hours detailed in the time entries chart.

**B.**     **Assignment of EAJA Fee**

The Commissioner next requests the Court's Order provide clarification that attorney fees be awarded to Rutledge, not directly to her counsel, thereby making the fee award subject to offset to any pre-existing debt Rutledge may owe to the United States (Filing No. 21). The Commissioner's request is consistent with the holding in *Astrue v. Ratliff*, 560 U.S. 586, 591 (2010).

Plaintiff points out that the holding in Ratliff does not preclude prevailing parties from assigning their right to EAJA fees to their attorneys and the attorney directly receiving those fees. An EAJA fee award should be made directly to the attorney when the prevailing client does not owe a debt to the government and has assigned the fee award to his counsel. *See Byers v. Astrue*, 2011 U.S. Dist. LEXIS 67518, at *7 (S.D. Ind. June 22, 2011); *Hall v. Astrue*, 2010 U.S. Dist.

LEXIS 134772, at *11–12 (S.D. Ind. 2010). Along with this Motion, Rutledge has included a copy

of a fee agreement, which assigns any award of EAJA fees to which she may be entitled to The de

la Torre Law Office LLC. (Filing No. 19-1.) Rutledge asks that the Court award the EAJA fees

directly to her attorney of record. *Id.* Counsel argues that unless the Commissioner can obtain

proof that Rutledge owes debts subject to offset, the fee award shall be made payable to Rutledge's

counsel pursuant to the assignment. *See Hochgesang v. Colvin*, No. 1:14-cv-2044, 2015 WL

7288628, at *4 (S.D. Ind. Nov. 16, 2015) (declining to award EAJA fees directly to counsel

because "the Anti-Assignment Act provides that an assignment of any payment owed by the

federal government may be made 'only after a claim is allowed [and] the amount of the claim is

decided[;]' Plaintiff's assignment pre-dates any determination of whether a fee claim would be

allowed as well as a determination of the amount of the claim"); *see also Julie A.*, 2019 WL

13251031, at *5 (declining to award EAJA fees directly to counsel but instructing that the

Commissioner should determine whether the claimant owes any debt to the United States and that

an assignment between client and counsel should be honored unless the fee award is subject to

offset). Counsel also reports that she has contacted the Treasury Offset Program ("TOP") and has

been informed that Rutledge does not owe any debt subject to offset (Filing No. 20 at 10).

The Commissioner argues persuasively that "Plaintiff ignores temporal difficulties in

making EAJA payments and to order payment to counsel now would be premature" because

"creditor agencies can update information in TOP every day of the week, around the clock" (Filing

No. 21 at 10-11). Because TOP can be updated at almost any moment, information obtained from

TOP regarding the existence, legal enforceability, or balance of a debt is only accurate as of the

time that the inquiry is made. The Court agrees that the government should be able determine the

existence of a debt that may be subject to offset as close to the date of disbursement as possible.

### III.  CONCLUSION

For the reasons stated above, Rutledge's Petition for Attorneys' Fees under the Equal Access to Justice Act is **GRANTED, in part** (Filing No. 19), to the extent that the Court agrees Rutledge is entitled to reasonable attorneys' fees of $12,500.40.

Any fees paid belong to Plaintiff and not Plaintiff's attorney and can be offset to satisfy any pre-existing debt that the litigant owes the United States. *Astrue v. Ratliff*, 560 U.S. 586 (2010). If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to Plaintiff's attorney pursuant to the EAJA assignment duly signed by Plaintiff and counsel.

**SO ORDERED.**

Date:   12/22/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Adriana Maria de la Torre
THE DE LA TORRE LAW OFFICE LLC
adriana@towerlawgroup.com

Catherine Seagle
SOCIAL SECURITY ADMINISTRATION
catherine.seagle@ssa.gov

Julian Clifford Wierenga
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
julian.wierenga@usdoj.gov